changed conditions, when by its own modification the legacies were reduced to $7,300 and the value of the personal estate conceded to be hers was $6,203.40. From this sum she was about to pay $1,200 upon the purchase of real estate. At that time her claim to the $4,387 had been adjudicated in her favor by the former surrogate, the next of kin had appealed from that determination, the administrator had withheld $4,500 from her share in her husband's estate to await the result of the appeal, and it cannot be found as a matter of fact that she distrusted the judgment which she had obtained and that she excluded the $4,500 from her estimate of her possessions.

If, therefore, $4,500, which by the decree of the court belonged to her, be regarded as a part of the resources which she considered applicable to the payment of her legacies, there was in her mind $9,503.-40 of personal assets for their discharge. There was no contrast, then, between the amount of the legacies and the value of her personal estate, from which it can be said, not only that there was a deficiency, but that her appreciation of it was such that she, therefore, must have devoted the real estate, which she was about to acquire to the discharge of the legacies. It is not the inadequacy of her personal possessions, but her recognition of it, which controls. But, even if the surroundings of the codicil were such that an intention to charge the real estate might have appeared, if an independent will had then been made, it remains that the codicil was not an independent instrument and was only an incident to the will; and a codicil can scarcely contradict the intention of a will which it confirms in all its provisions.

The decree should provide that the legacies be paid ratably from the personal estate.

Decreed accordingly.

---

(61 Misc. Rep. 211.)

### In re DENHAM.

(Surrogate's Court, Kings County.   November, 1908.)

WILLS (§ 775*)—CONSTRUCTION—LAPSED LEGACIES.

  Testator devised his residuary estate in trust for his wife for life, with power to use the principal, the remainder to be converted into money, and after payment of two legacies the estate was given to testator's six children. *Held* that, where the will provided that none of the legacies should vest until the death of the wife, a legacy to one who predeceased her lapsed.

  [Ed. Note.—For other cases, see Wills, Dec. Dig. § 775.*]

In the matter of the settlement of the account of Katharine L. Denham, substituted trustee of John Officer. Decree rendered.

Jacob Brenner, for trustee.
Frederick H. Jones, for objector.

KETCHAM, S.  The will requiring construction contains a residuary devise in trust for the life of the testator's wife, with a provision that, if necessary, the principal of the trust estate may be used for

her maintenance and support. The material expressions following the devise in trust are as follows:

"Fourth. Upon the death of my said wife, and after the payment of her lawful debts and funeral expenses, I direct that all my estate then remaining, including any accumulations which may be thereon, shall be converted into money or its equivalent by my executor then surviving and disposed of as follows:

"To Sarah Johnston, who now resides in Englewood, New Jersey, and who is a niece of my wife, I give and bequeath the sum of four hundred and ninety-five dollars.

"To my nephew and namesake John Officer hereinbefore named I give and bequeath the sum of five hundred dollars."

There is, then, a gift of all the "residue" of the estate to six children, to be divided among them equally, but, in the event of the death of any one of them, to be divided among the survivors of the said six children. It is then provided as follows:

"I hereby further declare and direct that none of the legacies hereinbefore bequeathed shall vest in the respective legatees named until after the decease of my said wife. * * * In the event however that either of said six children die prior to the time fixed for the final distribution of my estate leaving lawful issue him or her surviving, said issue shall be entitled to and shall have the share such deceased parent would have taken if living."

The legatee Sarah Johnston and the wife of the testator died in the order in which they are named. The question is whether or not the right of the legatee Sarah Johnston under the will vested upon the death of the testator, or whether, upon her decease prior to that of the widow, her legacy lapsed and returned to the general estate.

The will specifically, and with apparent intelligence and intention, determined that the legacy to Sarah Johnston should not vest until after the decease of the wife. This expression was extended to all of the legatees, with the significant exception that, in the event of the death of any of the six children, the survivors should take, failing issue of the deceased child, and the issue, if any, should take. It is impossible to determine that the language of the will forbidding that a legacy should vest until after the death of the wife has any other than its legal meaning.

Let decree be submitted accordingly.

Decreed accordingly.